SAMUEL JOHNSON *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 606.]

1. CRIMINAL LAW. *Murder.  Confessions.  Evidence.*

Confessions of crime are inadmissible in evidence if they were
induced by promises to intercede with the judge for a light sen-
tence and assurances to the prisoner that it would be better for
him to confess, as it would go lighter with him, although the
promises were made and the assurances given by a private citizen.

2. SAME. *Instruction.*

There being evidence of which to predicate it, an instruction should
be given at defendant's request in a criminal case authorizing
the jury to disregard a confession if they believe from the evi-
dence it was induced by fear, duress, or intimidation, or by hope
or promise of reward, or that it was untrue.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Johnson, the appellant, and three others, were indicted for the
murder of Harriet Caston; there was a severance, and appel-
lant was separately tried, convicted of the murder, and sen-
tenced to suffer death, from which conviction and sentence he
appealed to the supreme court.

On the trial of the case the state offered proof of alleged con-
fessions made by appellant to certain private citizens, one of
whom promised at the time to intercede with the judge in an
effort to keep appellant from being hanged, and also told appel-
lant that it would be better for him to confess, as it would go
lighter with him if he told the truth.  To all of which evidence
the defendant, now appellant, objected, but the court below
overruled the objection and permitted the evidence to be intro-
duced, and defendant duly excepted.  The refusal of the charge
asked by appellant, quoted in the opinion of the court, was
assigned for error in appellant's motion for a new trial, as

was the above rulings on the evidence, and both were again assigned for error in the supreme court.

*Clem V. Ratcliff,* for appellant.

The appellant is entitled to a reversal because the court admitted evidence over his objection, which was error. The purported confessions should not have been admitted in evidence. The record will clearly disclose the total, flagrant incompetency of the alleged confessions, to which proper and legal objections and exceptions were taken. *Williams* v. *State,* 72 Miss., 117 (s.c., 16 South. Rep., 296); *Ford* v. *State,* 75 Miss., 101 (s.c., 21 South. Rep., 524); *Draughn* v. *State,* 76 Miss., 574 (s.c., 25 South. Rep., 153); *Hamilton* v. *State,* 77 Miss., 675; *Whitley* v. *State,* 78 Miss., 255; *Blalack* v. *State,* 79 Miss., 517 (s.c., 31 South. Rep., 105); *Ammons* v. *State,* 80 Miss., 592 (s.c., 32 South. Rep., 9); *Wright* v. *State,* 82 Miss., 421; *Macmasters* v. *State,* 82 Miss., 459; *Stanley* v. *State,* 82 Miss., 498 (s.c., 34 South. Rep., 360).

There was fatal error in refusing the instruction for the defendant.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The confession shown by the testimony of Thompson and White, private persons, having no power or control over the prisoner, is alleged to be incompetent because the confession was preceded by the statement of Thompson that it would be best for the prisoner to confess, and that such action would make it lighter on him. The distinction between confessions made to private persons and persons in authority is clearly pointed out by Justice GEORGE in *Jones* v. *State,* 58 Miss., 349; *Dick* v. *State,* 30 Miss., 593; *Simon* v. *State,* 36 Miss., 636.

In Wigmore on Evidence, pages 936 and 937, will be found a clear and exhaustive statement of what the author terms the "orthodox modern" rule on the subject of confessions. I do

not attempt to quote from this remarkably analytic discussion, nor to make an abstract therefrom, but I submit that both these confessions, when tested by the principles there announced, are competent. Neither Thompson or White were officers, nor in any way connected with the administration of the law. The prisoner was not of tender years, nor is he shown to be weak-minded, or without ordinary intelligence. The inducements held out to him were trivial in comparison with the gravity of the admission made. No sensible person would for a moment imagine that either of these parties had the power to lighten the sentence or interfere with the execution of the law. Testing the confession by all the facts disclosed by the record, can this court say that the inducements offered were such that there was any risk of a false confession? It should be remembered, too, that these confessions made to Thompson and White were identical in substance with other confessions which were not tainted with threats or promises. This is sufficient to show that the confessions were not false statements extorted from the prisoner by threats or promises. I call the attention of the court to the fact that confessions are never excluded on the theory that, while true, they were induced by promises, thereby improperly leading the prisoner to incriminate himself. 1 Wigmore on Evidence, 934 (c).

The sole test is whether they are probably false; if other confessions made "voluntarily" support the confessions made by "inducements" it is a strong argument against reversing the case, since the court knows by evidence of unquestioned competency that a false statement had not been made. The inducements held out in this case were a promise to try to save his neck and a promise of employment (White), and a statement that it would be lighter for him if he told the truth (Thompson). This class of inducements is treated by Wigmore on pages 951 and 952 of his first volume. It is stated that "to erect a fixed and unvarying rule on the basis of so unusual a

contingency is to eliminate rationality from the law of evidence."

The case of *Smith* v. *State,* 72 Miss., 420 (s.c., 18 South. Rep., 482), is not a parallel case. In that case, the confession was the sole evidence of guilt; it was extorted only after repeated efforts; it was predicated of explicit promises by the prosecutors, who seemed to have power to carry out their promises; it was accompanied by deception and misrepresentations as to the amount of proof already found, by them. The cases are readily distinguishable. The confession in *Horney* v. *State,* 20 South. Rep., 837, was made to an officer, and was therefore governed by a different rule. Besides, this decision, it is respectfully submitted, goes entirely too far, and is out of harmony with the reason of the rule and its modern application. I invite the court's attention to Wigmore's criticism of the extreme view taken by some courts, as contained to section 838 of the work above cited.

See, also, section 867 as to the future of this doctrine. If this court agrees with this great writer as to the true rule which should prevail, this case will not be reversed on these confessions.

To this authority must be added that of Wharton, who says, "And it has been held that a promise made by an indifferent person, who interfered officiously without any kind of authority, and promised without the means of performance, cannot be deemed sufficient to produce any effect, even on the weakest mind, as an inducement to confess; and accordingly confessions made under such circumstances to unauthoritative persons, have been admitted in evidence. Wharton's Criminal Evidence, 651. Id. 655, 657, 658.

The doctrine is so familiar and the application had so often been made that I do not care to discuss cases, but I contend that each case to some extent must be determined by its own facts, and that in this case, where defendant's guilt is so overwhelmingly shown, where there are other corroborating confessions, where

the so-called inducements are not important, and where they are not held out by any one in authority, this court ought not to reverse.

WHITFIELD, C. J., delivered the opinion of the court.

The confessions detailed in this case by White, Helmer and Thompson are clearly inadmissible, under the doctrine as settled in this state.

This error was emphasized by the refusal of the court to give the following instruction: "If you believe, from the evidence, that the confession, if you believe there was a confession, was brought about by fear, duress, intimidation, or by the hope or promise of reward, or that such confessions, if there were any, were untrue, then you may disregard them altogether." This charge meant that if the jury believed, as to certain confessions, that they had been obtained by the hope of reward, or by fear, or that they were untrue, they might disregard them altogether. The belief, if it existed in the minds of the jury, that confessions had been obtained by fear or hope, or were untrue, was, of course, intended to be distributively applied to those confessions as to which these things might be believed. It was fatal error to refuse this charge on the vital point in the case.

We call attention to the fact, in order that the charge may be corrected hereafter, that the charge given for the state was erroneous in omitting the word "feloniously."

*Reversed and remanded.*