## CLASH *v.* STATE.*

(Division B.   April 11, 1927.)

[112 So. 370.   No. 26382.]

CRIMINAL LAW.   *Confession, induced by hope of reward, is inadmissible; promise to let prisoner out of jail on bond held sufficient inducement to render confession of burglary inadmissible.*

A confession, induced by hope of reward, is inadmissible in evidence; and where a party interviewing the prisoner states to the prisoner, "if you will tell about the money stolen, and return it, we will let you out of jail on bond," such promise is sufficient inducement to render the confession inadmissible.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 725, n. 45; p. 726; n. 48, 55 (New).   As to admissibility in evidence of confession induced by hope of benefit, see annotation in 18 L. R. A. (N. S.) 804; 50 L. R. A. (N. S.) 1086; 1 R. C. L. pp. 554, 557; 1 R. C. L. Supp. 200 4 R. C. L. Supp. 41; 5 R. C. L. Supp. 31; 6 R. C. L. Supp. 25.

APPEAL from circuit court of Sharkey county.
HON. E. L. BRIEN, Judge.

Willie Clash, *alias* Hustler Pinkins, was convicted of burglary, and he appeals.   Reversed and remanded.

*Clements & Wright* and *T. J. Lawrence,* for appellant.

The sole testimony offered by the state was the alleged confession made by appellant while he was in jail, which confession was not shown to have been free and voluntary.   The alleged confession was wrung from appellant after he had been promised by Mr. Meek that if he told the truth about the matter, he would make his bond and make it light on him.   This was a material factor in persuading said appellant to make the confession. In our opinion there could never be more of an inducement or reward than that offered to appellant.

This negro boy had a right to believe fully that they would protect him and that this would close the case against him. Like all negroes he did not take into consideration the disgrace connected with the commission of this crime, but would rather pay the sum of ninety dollars than remain in jail any longer.

With the hope of re-gaining his liberty and a promise of making his bond, we are of the opinion that such was a sufficient promise of reward to taint this confession. *Pete* v. *State,* 4 S. & M. 31; *Jordan* v. *State,* 32 Miss. 382; *Garrard* v. *State,* 50 Miss. 147; *Hunter* v. *State,* 74 Miss. 515; *Ford* v. *State,* 75 Miss. 101.

Appellant was not so advised that any statement so made, whether in writing or orally, would be used against him on the day in which this case would come up for trial. *Ammons* v. *State,* 80 Miss. 592, 32 So. 9, 18 L. R. A. (N. S.) 768, 92 A. S. R. 607; *Whip* v. *State,* 109 So. 697.

In order to make competent a confession of guilt by a defendant charged with crime, the evidence of such confession must be so strong as to exclude every reasonable doubt that it was procured from the defendant under a threat of punishment or a promise of reward. *Ellis* v. *State,* 65 Miss. 44, 3 So. 188, 7 A. S. R. 634; *Williams* v. *State,* 72 Miss. 117, 16 So. 296; *State* v. *Smith,* 72 Miss. 420, 18 So. 482; *Johnson* v. *State,* 107 Miss. 196, 65 So. 218, 51 L. R. A. (N. S.) 1183; *Whip* v. *State,* 109 So. 697.

Appellant was forced to give evidence against himself in violation of section 26 of our constitution. *Mathews* v. *State,* 102 Miss. 549, 59 So. 842; *Jones* v. *State,* 133 Miss. 684; *Fisher* v. *State,* 110 So. 361, 145 Miss. 316.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The authorities cited by counsel for appellant are the law of the case. Therefore, the only question for the determination of this court is, Was the testimony in the case sufficient to warrant the trial judge to believe be-

yond a reasonable doubt that the confessions of guilt made by the defendant were freely and voluntarily made?

The fact that these men and officers took relatives of appellant along with them to the jail is strongly persuasive that they did not intend to obtain a confession illegally from the defendant. While in the presence of these parties at the county jail, without any persuasion, coercion, threats, or promises, the appellant confessed to them that he broke into and entered the service station and stole therefrom about ninety dollars in money; that he threw a part of the money into a creek; and that he hid ten dollars under a sill at his home. He afterwards went with some of said parties and found the ten dollars where he had told them it was. He then went to the sheriff's office and made a statement to Mr. W. H. Carroll, a deputy sheriff, who reduced the statement to writing.

Boykins testified that Meek did not offer to make bond for the appellant until after the written confession was made and signed. Mr. Baggett testified that he was with Meek all of the time and that Meek did not make any promises to or threats against the defendant. The trial judge was justified in holding that the confession was complete and admissible and he was warranted in refusing to exclude it from the consideration of the jury at the conclusion of the testimony in the case.

It is true that this court held in the Ammons case and the Whip case that it was the duty of the officer to warn the defendant that his confession would be used against him. However, see *Brown* v. *State,* 107 So. 373; and *Donahue* v. *State,* 107 So. 15.

Argued orally by *T. J. Lawrence* and *F. L. Wright,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Willie Clash, *alias* Hustler Pinkins, was indicted at the October, 1926, term of the circuit court

of Sharkey county, on a charge of burglary of a certain
service station or storehouse, known as the Rolling Fork
Service Station, owned by A. J. Baggett and J. E. Meck,
and of taking certain money therefrom, for which he
was convicted and sentenced to imprisonment in the pen-
itentiary for four years. From this sentence, he prose-
cutes this appeal.

The evidence to connect Clash with the burglary was
an alleged confession, which, he contends, was not free
and voluntary under the law, and therefore was improp-
erly admitted. The amount of money stolen from the
service station was ninety dollars, of which it was claimed
that twelve dollars was in one dollar bills and the rest
in currency.

Mr. Baggett, one of the owners of the service station,
introduced as a witness and interrogated as to whether
the appellant was offered any inducement or reward to
make the confession, made answer as follows:

"Q. Mr. Baggett, before he made any statement to
you about the money, did you offer him any reward or
inducement? A. No, sir; never have, other than the
fact, if he would tell us about the money, and return
it, we would let him out of jail on bond."

This testimony was objected to, and the court in ruling
on it held that the state should prove the circumstances
in detail. It appeared from the evidence that Mr. Bag-
gett and Mr. Meek and the mother and stepfather of
the appellant were all present when the alleged confes-
sion was made. The defendant, or appellant, made va-
rious contradictory statements, seeming to be anxious
to get out of jail. After he had made the confession,
he was taken to the sheriff's office, and his confession
reduced to writing and signed by him. This immedi-
ately followed the conversation above referred to.

Taking all the evidence bearing upon the confession,
together with all other evidence connecting the defend-
ant in any wise with the burglary, it is weak and unsat-
isfactory. In other words, the evidence does not make

it convincing that the defendant is the guilty person. We think the above statement, "If he would tell us about the money, and return it, we would let him out of jail on bond," was such an offer of inducement or benefit to the defendant as to class it as involuntary, and it therefore should be excluded. It is true that the witness, on reexamination during the trial, varied his statements somewhat, but stated subsequently in the examination that:

"Hustler (referring to the defendant) told me he got the money and would pay me back the money, if I got him out of jail, and his mother and father heard him say it."

We do not think, however, this statement, taken in connection with all the testimony, varies materially from the evidence first given. The admission of the confession was prejudicial error, for which judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*