185 So.2d 671 (1966)
Joe AGEE
v.
STATE of Mississippi.
No. 43903.
Supreme Court of Mississippi.
April 25, 1966.
*672 O.M. Oates, Jr., Bay Springs, for appellant.
Joe T. Patterson, Atty. Gen., by Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Presiding Justice.
Joe Agee was convicted of murdering Hurbert Darby. The jury fixed punishment at life imprisonment, and Agee appealed to this Court.
Hurbert Darby lived alone in the rural part of Jasper County, Mississippi, where he was employed to care for a cattle farm. On December 29, 1964, he was found dead in his residence from gunshot wounds in the chest. He had been shot through a window. There was no evidence of robbery, and at the time his body was discovered, he had been dead several days.
The main question in this case involves the admission in evidence of a written confession. We hold that the State failed to establish that the confession was voluntarily given and that the case should be reversed for a new trial.
Defendant and another youth were arrested at about 1:30 p.m. on December 29, 1964, after the body of the deceased had been found at about 8:30 that morning. He was placed in the county jail and removed to the courthouse from time to time during that day and the next for questioning, and signed a written confession during the evening of December 30, 1964.
Defendant argues four assignments of error; one is that the directed verdict should have been given and appellant discharged. We do not think that this assignment *673 of error requires discussion. His other three assignments of error involve the introduction in evidence of a confession over defendant's objection.
The State has the burden of proving the voluntariness of a confession. This burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness. Lee v. State, 236 Miss. 716, 112 So.2d 254 (1959). When objection is made to the introduction of the confession, the accused is entitled to a preliminary hearing on the question of the admissibility of the confession. This hearing is conducted in the absence of the jury. Lee v. State, supra, is also authority for the proposition that when, after the State has made out a prima facie case as to the voluntariness of the confession, the accused offers testimony that violence, threats of violence, or offers of reward induced the confession, then the State must offer all the officers who were present when the accused was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness. See also Holmes v. State, 211 Miss. 436, 51 So.2d 755 (1951).
In the present case the trial court committed several errors regarding the admission in evidence of the defendant's confession. On the preliminary hearing to determine the voluntariness of the confession, the State offered the testimony of Deputy Sheriff Tally and Highway Patrol Investigator Armstead, who testified in general terms that the confession was voluntary. This testimony was sufficient to make out a prima facie case that the confession was voluntary, and to that point, the State met the burden of proof. The defendant then took the stand in the absence of the jury on the preliminary hearing and testified that he was subjected to threats and violence and that the confession was not voluntary. The State did not thereafter proceed as required by the rule hereinabove stated. The jury returned to the courtroom, and Highway Patrol Investigator Armstead was recalled, and after he testified in the presence of the jury that the confession was voluntary, it was admitted in evidence. Thereafter in the presence of the jury, the State offered the testimony of Highway Patrol Investigator Richardson, Highway Patrolman Wilson and Professor J.H. Harvey to rebut defendant's testimony. The testimony of these witnesses was improperly and erroneously admitted in the presence of the jury. All matters concerning the voluntariness of the confession should first be heard in the absence of the jury and before the confession is admitted.
After the completion of the preliminary hearing, such as it was, and after the State had offered other testimony, the sheriff was introduced by the State, and testified that he saw one of the highway patrol investigators slap the defendant about two hours before the confession was signed. The State rested without recalling any of the witnesses who were present when the defendant was questioned and when the confession was signed.
We are of the opinion that it was reversible error for the court to admit the confession in evidence. The trial court failed to conduct a preliminary hearing as required by law, in that part of the testimony was heard in the presence of the jury and part in the absence of the jury, when all of the testimony on the preliminary hearing to determine the voluntariness of the confession should have first been offered in the absence of the jury. The court erroneously admitted the confession in evidence before the State completed the preliminary hearing and before several witnesses who were present when the confession was signed had testified, and without recalling the deputy sheriff and highway patrol investigator to rebut the defendant's *674 testimony that the confession was not voluntary. The sheriff's testimony showed that violence was inflicted on the defendant two hours before the confession was signed which made the confession inadmissible.
We are also of the opinion that the confession was inadmissible because the testimony showed that the officers called to the courthouse J.H. Harvey, a professor who had taught the defendant, and who testified that he did not threaten defendant, but said, "I told him to tell the truth and I believe it would be lighter on him if he'd tell the truth." This conversation between Professor Harvey and the defendant was in private some hours before the confession was signed.
A confession made after the accused has been offered some hope of reward if he will confess or tell the truth cannot be said to be voluntary. This Court has long adhered to the rule that when the offer of reward or hope of leniency is made by a private individual the same rule applies. In Clash v. State, 146 Miss. 811, 112 So. 370 (1927) a confession was held inadmissible when it was signed by the accused after a private individual had told him that, "* * `If he would tell us about the money, and return it, we would let him out of jail on bond.'" In Johnson v. State, 89 Miss. 773, 42 So. 606 (1906) private citizens told the accused that," * * * it would be better for him to confess, as it would go lighter with him if he told the truth." The confession that followed these statements by private citizens was held inadmissible.
There are other errors in this case, some of which were not raised, but which we mention to avoid repetition upon retrial.
It was obvious and patent error for Deputy Sheriff Charles Tally to testify that his investigation revealed ill feelings toward the deceased on the part of defendant and another youth because of several occurrences that had happened on the cattle farm. This was purely hearsay and was not admissible.
The testimony of State witness B.C. Sims to the effect that the deceased told him that defendant and the other young man had threatened him a few days before he got killed was hearsay and inadmissible.
The testimony of Paul Sims, a witness for the State, was clearly inadmissible, and had nothing to do with the crime involved in this case.
The case is reversed and remanded for a new trial.
Reversed and remanded.
RODGERS, JONES, INZER, and SMITH, JJ., concur.