DAN M. LEE, Justice,
dissenting:
I am deeply disturbed by the Court’s holding that King’s confession is admissible. Both the United States Supreme Court and this Court have previously addressed the admissibility of statements given in exchange for offers of leniency or immunity. Those cases uniformly hold that such statements are inadmissible because they lack the requisite element of voluntariness. The majority ignores the wisdom of those decisions and instead journeys down a wholly irrelevant tangent, drawing meaningless distinctions and disregarding essential facts. I believe that the majority’s attempt to distinguish this case because the agreement was initiated by the defendant is a distinction without a difference, I respectfully dissent.
The United States Supreme Court has repeatedly held that a statement or confession which is obtained by a promise of leniency or immunity is inadmissible. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357, reh. den. 372 U.S. 950, 83 S.Ct. 931, 9 L.Ed.2d 975 (1963); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897).
In the Shotwell case the Supreme Court restated the controlling test: “Did the governmental conduct complained of “bring about” a confession not freely self-determined?” In order to be freely self-determined the statement must not be “obtained by any direct or implied promises, however slight.”
Prior to today’s decision Mississippi has consistently adhered to this rule. Sanders v. State, 435 So.2d 1177 (Miss.1983); Miller v. State, 250 So.2d 624 (Miss.1971); Agee v. State, 185 So.2d 671 (Miss.1966).
In Sanders, the defendant completed a form required by the circuit judge prior to entering a guilty plea. A part of the form contained a paragraph which required that Sanders confess his guilt to the crime to which he was pleading guilty. Sanders later changed his mind and withdrew his guilty plea. Subsequently, the confession portion of the guilty plea was admitted at his trial. Although we held that the case was controlled by Rule 3.03 of the Unifirm Criminal Rules of Circuit Court Practice which governs admissibility of a withdrawn guilty plea, we also held that the rule “precludes use against the defendant at trial of statements made with and inextricably bound up with a plea offered but never finally accepted.” 435 So.2d at 1180. Undoubtedly King’s statement was “inextricably bound up” with an offer to plead guilty and testify in exchange for leniency.
In Miller, a misunderstanding between the defense attorney and the circuit judge resulted in Miller thinking that she had been offered immunity from prosecution if she agreed to cooperate with the State. This misunderstanding resulted in her giving a statement implicating herself. Thereafter Miller was tried for the crime and the statement was admitted into evidence against her. We reversed her conviction and held that because the statement was *771 the product of Miller’s belief, mistaken or not, that she was under immunity it was not voluntary and was therefore inadmissible. In arriving at this conclusion, we quoted another ease styled Miller v. State and cited a number of other decisions of this Court:
In the recent case of Miller v. State, 243 So.2d 558, 559 (Miss.1971), we held:
The trial court found the appellant’s statement to have been freely and voluntarily made. It did not, however, rule upon the statement of the sheriff with regard to whether it was an inducement or offer of leniency to the appellant if he would confess. In Robinson v. State, 247 Miss. 609, 613, 157 So.2d 49, 51 (1963), we stated “ * * ⅜ a mere exhortation or adjuration to speak the truth will not exclude a confession, but where such adjuration is accompanied by an expression that it would be better for the accused to tell the truth, some courts have refused to admit such confession. * * ⅜ ”, citing Mathews v. State, 102 Miss. 549, 59 So. 842 (1912) and Frazier v. State, 107 So.2d 16 (Fla.1958). We held in Robinson that the statement or confession made subsequent to an exhortation to “square with the State, or the City, whoever the crime was against” and with the “ ‘man upstairs’ and that if he didn’t, he wasn't trying to help himself” was the equivalent of an inducement, rendering the statement inadmissible in evidence as being involuntarily made.
In Mitchell v. State, 24 So. 312 (Miss.1898), we held that a confession given by the defendant was not voluntarily made subsequent to the defendant’s being advised by the sheriff that it would be better for him to tell all about it.
[[Image here]]
In view of these authorities and the facts before us, we are of the opinion that the lower court erred in admitting the confession into evidence.
250 So.2d at 626, 627. (emphasis added).
In Agee, we held that a confession was inadmissible because one of the defendant’s professors had admonished him that “It would be lighter on him if he’d tell the truth.” In that case we held:
We are also of the opinion that the confession was inadmissible because the testimony showed that the officers called to the courthouse J.H. Harvey, a professor who had taught the defendant, and who testified that he did not threaten defendant but said, ‘I told him to tell the truth and I believe it would be lighter on him if he’d tell the truth.’ This conversation between Professor Harvey and the defendant was in private some hours before the confession was signed.
A confession made after the accused has been offered some hope of reward if he will confess or tell the truth cannot be said to be voluntary. This Court has long adhered to the rule that when the offer of reward or hope of leniency is made by a private individual the same rule applies. In Clash v. State, 146 Miss. 811, 112 So. 370 (1927) a confession was held inadmissible when it was signed by the accused after a private individual had told him that, “ * * * ‘If he would tell us about the money, and return it, we would let him out of jail on bond.’ ” In Johnson v. State, 89 Miss. 773, 42 So. 606 (1906) private citizens told the accused that, “ * * * it would be better for him to confess, as it would go lighter with him if he told the truth.” The confession that followed these statements by private citizens was held inadmissible.
185 So.2d at 674. (emphasis added).
The element of this ease which apparently has misguided the majority is the fact that King initiated the deal with the district attorney and then backed out. This factor is wholly irrelevant and should not alter application of the rule regarding inadmissibility of statements made in reliance upon immunity or leniency. This is so because the key to this rule is the defendant’s frame of mind at the time of making the statement. Plainly, under the decisions of both the United States Supreme Court and *772 this Court a statement is involuntary if it is obtained through an offer of immunity or leniency. Voluntariness is relevant only to the time of the actual making of the statement. If the statement was involuntary at the time it was made, subsequent actions cannot change its character. Voluntariness cannot be added ex post facto. Of course, King’s refusal to testify revoked the granting of immunity from prosecution; however, it does not logically follow that such refusal negates the fact that his testimony was made under an offer of immunity and was therefore involuntary.
Even assuming that King’s statement was voluntary, does it constitute a voluntary waiver of the Fifth Amendment guarantee of freedom from self incrimination? The answer should be obvious that it does not. It is undisputed that this statement was made in contemplation of freedom from penalty. In fact, it is only as a result of the condition, i.e., freedom from penalty, that the statement was made. In essence, King and the district attorney had a contract whereby King agreed to make a statement and testify against the co-conspirator in exchange for which the district attorney agreed that King would not have to spend any time in jail. Therefore, because he believed that he was free from the possibility that his statement would be used against him, it cannot be said that he waived his right against self incrimination. That this assessment is correct becomes even more obvious when viewed in light of an essential fact which the majority chooses to ignore. The day after making his statement, King was interviewed by an agent of the Federal Bureau of Alcohol, Tobacco and Firearms. That agent informed him that King had no immunity from federal prosecution. Following King’s interview with the agent he became concerned that he was still subject to federal prosecution. It is for that reason that he rescinded the agreement. Therefore, King did not simply change his mind and refuse to cooperate, he feared that he would incriminate himself in a federal crime from which he had no immunity. His refusal to testify therefore, lends even greater weight to the argument that he did not voluntarily waive his Fifth Amendment rights. Indeed, he never gave a statement to the ATF agent.
Because it is obvious King’s statement was induced through an offer of leniency, regardless of who initiated the offer, that statement was inadmissible. Because I believe that it was error to allow that statement to be used in a prosecution against King I would reverse this case.
ROBERTSON and SULLIVAN, JJ., join this opinion.