WALKER, Chief Justice, for the Court:
In the Circuit Court of Monroe County, Willie James Kelly was convicted of uttering a forged instrument. He was sentenced to fifteen (15) years imprisonment with seven (7) years suspended. From that conviction he appeals. Finding no error, we affirm.
The single issue raised on appeal is whether the trial court erred in admitting into evidence Kelly’s confession. Although Kelly testified that he confessed because of promises made by the officer questioning him, that officer testified that he made no such promises. Determining the voluntariness of a confession is a function of the trial judge; when, as in this case, the evidence is conflicting, this Court must respect the trial judge’s finding. Wilcher v. State, 448 So.2d 927 (Miss.1984), cert. denied, 469 U.S. 873, 105 S.Ct. 231, 83 L.Ed.2d 160 (1984).
Kelly further alleges that the confession was the product of an illegal arrest, yet he does not indicate the basis for this claim. The record indicates that the arrest was supported by probable cause, so this contention is without merit. Riddles v. State, 471 So.2d 1234 (Miss.1985).
He also contends that because Kelly’s mother was present when he confessed but was not called by the state at the suppression hearing, that the state failed to comply with the rule of Agee v. State, 185 So.2d 671 (Miss.1966). Agee requires that, once the voluntariness of a confession has been put in issue by testimony of the defendant or his witnesses of misconduct on the part of the officers obtaining the confession, the state must call as witnesses all persons present when the confession was given. In the case at bar the state has complied with the Agee rule by calling all of the officers present. Kelly’s mother was merely a by-stander who, it is to be assumed, was looking after her son’s interest. Had there been some testimony that she participated in the alleged coercion, it would have been necessary for the state to call her as a witness. There was, however, no such testimony, therefore, the state was not required to call her. Frost v. State, 483 So.2d 1345 (Miss.1986); Younger v. State, 301 So.2d 300 (Miss.1974).
The judgment and sentence of the circuit court are affirmed.
AFFIRMED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.