851 So.2d 430 (2003)
Prentiss CORK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00481-COA.
Court of Appeals of Mississippi.
July 29, 2003.
*431 Thomas A. Coleman, for appellant.
*432 Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. After a trial in the Circuit Court of Choctaw County, Prentiss Cork was found guilty of burglary of a dwelling. Cork was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections, with two years suspended, five years of supervised probation, and eight years to serve, and to pay a fine of five hundred dollars, and all court costs, fees, and assessments within eighteen months of the date of judgment. Cork appeals, arguing that the trial court erroneously denied Cork's motion to suppress statements Cork made to the authorities, and that the trial court erroneously refused to grant a jury instruction charging the jury that it must believe Cork's statements to the authorities were made freely and voluntarily before considering them as evidence of Cork's guilt.

FACTS
¶ 2. On the afternoon of October 16, 2001, Robert F. Bright returned to his house in Mathison, Mississippi. The house was the residence of Bright and his family. Bright began "tinkering on the phone" in the front part of the house. Bright went back to the master bedroom to get a wrench, and noticed that his gun cabinet had been broken open. The gun cabinet's glass had been broken and a drawer pulled out. Bright noticed that his Ruger Blackhawk.44 magnum pistol was missing from the top of a chest of drawers. Bright called the police, and upon their arrival Bright discovered that a cap and ball pistol and a sack of dollar coins had been taken from the gun cabinet, and that a metal box inside the bedroom closet had been broken open. Bright discerned that the burglar had entered through the bedroom window by removing an air conditioner from the window. No one had been home during the burglary.
¶ 3. On December 14, 2001, Sheriff's Deputy J.D. "Bud" Rhodes executed an affidavit charging Cork with the Bright burglary. The next day, Cork was arrested and transported to jail. On the morning of December 17th, Deputy Rhodes met with Cork in the office of Sheriff Doug McHan. Cork and Rhodes were the only persons present. Cork signed a waiver of rights form. Then, Cork executed a handwritten statement relating to the Bright burglary, which asserted: "I took the A.C. out the window riche in and took the pisole of the dresser." Deputy Rhodes executed the following statement:
Prentiss Cork stated that he was alone when he stole a .44 mag. Ruger revolver from house identified as Robert F. Bright on Reed Road in Mathiston. He states that he parked on Reed Road just south of this residence in a blue car. He walked to house and looked in window and saw the revolver on a dresser just inside window. He removed the air conditioner from window and reached in and retrieved revolver from dresser and left. He stated that he did not take anything else and did not go into house other than just reaching in after removing air conditioner. He also stated that Keisha Stephenson was in school at this time and not present during this incident.
¶ 4. A grand jury indicted Cork for burglary of a dwelling and the case proceeded to trial. During the testimony of Deputy Rhodes, the State sought to introduce Cork's handwritten statement and Deputy Rhodes' statement. Cork objected on the ground that his confession was not freely and voluntarily given. The trial court held *433 a suppression hearing out of the presence of the jury. At the conclusion of the hearing, the trial court admitted both written statements into evidence. The jury found Cork guilty, and the trial court denied Cork's motions for a JNOV and for a new trial.

LAW AND ANALYSIS

I. DID THE TRIAL COURT ERR WHEN IT DENIED CORK'S MOTION TO SUPPRESS HIS STATEMENTS MADE TO CHOCTAW COUNTY DEPUTY SHERIFF J.D. (BUD) RHODES ON THE MORNING OF DECEMBER 17, 2001?
¶ 5. Cork argues that the State failed to prove that his confession was voluntary, and, therefore, the trial court should have suppressed the confession. "The applicable standard for determining whether a confession is voluntary is whether, taking into consideration the totality of the circumstances, the statement is the product of the accused's free and rational choice." Porter v. State, 616 So.2d 899, 908 (Miss.1993). The trial court's determination of admissibility of a confession is a finding of fact which will not be disturbed unless the trial court applied an incorrect legal standard, committed manifest error, or the decision was contrary to the overwhelming weight of the evidence. Wright v. State, 730 So.2d 1106, 1108 (¶ 11) (Miss. 1999). Where the trial court makes such findings of fact on conflicting evidence, this Court must generally affirm. Stokes v. State, 548 So.2d 118, 122 (Miss.1989).
¶ 6. The case of Agee v. State prescribes the procedure the trial court must follow to determine whether a confession was coerced and involuntary. Kelly v. State, 735 So.2d 1071, 1077 (¶ 13) (Miss.Ct.App.1999) (citing Agee v. State, 185 So.2d 671, 673 (Miss.1966)). When the defendant objects to the introduction of a confession, the defendant is entitled to a hearing in absence of the jury to determine its admissibility. Id. The State has the burden of proving the voluntariness of a confession beyond a reasonable doubt. Jones v. State, 841 So.2d 115, 130 (¶ 38) (Miss.2003). The State makes a prima facie case of voluntariness when an officer, or other person having knowledge of the facts, testifies that the confession was voluntarily made without any threats, coercion, or offer of reward. Kelly, 735 So.2d at 1077 (¶ 13) (citing Agee, 185 So.2d at 673). Then, the defendant may attack the State's prima facie case by offering testimony that violence, threats of violence, or offers of reward induced the confession. Id. at (¶ 14). This creates a rebuttable presumption that the confession was involuntary. Id. To rebut the presumption, the State must offer all the officers who were present when the defendant was questioned and when the confession was signed, or give an adequate reason for the absence of any such witness. Id. However, in rebutting the presumption, the State is not required to recall officers to reiterate their testimony from the State's prima facie case. Id. at (¶ 15).
¶ 7. At Cork's suppression hearing, the State made a prima facie case of voluntariness by offering the testimony of Deputy Rhodes. Rhodes stated that at his private meeting with Cork, he read the waiver of rights form to Cork and advised Cork to read it. He thought Cork had understood the waiver form before signing it. Rhodes stated that he asked Cork to tell him the truth about the crime. He said that he did not threaten Cork in any way, or offer Cork any reward in exchange for the statement. Rhodes maintained that he did not tell Cork anything about the crime prior to hearing Cork's story.
*434 ¶ 8. Cork testified that his confession was coerced by certain representations by Rhodes and Deputy Tommy Curtis. Cork said that Deputy Curtis told him upon his arrival at the jail that he could "get 25 years without a hearing," and that if Cork did not confess, "it wouldn't even be a hearing, they could throw me in jail and wouldn't nothing else be said about it." Cork said that Curtis said he could give Cork whatever sentence he wanted, because the judge would "look at [Curtis] more than he would look at [Cork] because he is the police officer." On rebuttal, Deputy Curtis stated that he never spoke to Cork.
¶ 9. Cork further testified that he told Rhodes that he did not understand the waiver of rights form and did not want to sign it, but Rhodes told him that he had to sign it. Cork said that, before he gave the statement, he asked Rhodes about the burglary and Rhodes told him the culprit gained access by removing an air conditioner from a window. Cork said that he knew nothing about the burglary before Rhodes revealed that information. Cork said that Deputy Rhodes told him that they could offer him no help if he refused to state that he went into the house and took the pistol.
¶ 10. Cork's testimony created a rebuttable presumption that his confession was coerced. Kelly, 735 So.2d at 1077 (¶ 14). The trial court held that the State rebutted the presumption. The court found that Cork had been advised of his rights and had understood that he waived the rights. The court found that Cork's testimony about Deputy Curtis' statement was unconvincing, and that it had been rebutted by Curtis' testimony that he never made the statement. The court held that Cork's confession was freely and voluntarily given.
¶ 11. On appeal, Cork argues that the State never rebutted the presumption of coercion because Deputy Rhodes never specifically denied (1) that he told Cork that if he did not make a statement that he went in the house and took the pistol there was nothing he could do for Cork; and (2) that Cork told him that he did not want to sign the waiver of rights form, but Rhodes said that he had to. Cork argues that because Rhodes did not specifically deny these statements, Cork's version of events must be taken as true, and therefore, the confession was involuntary and inadmissible.
¶ 12. Cork's argument is without merit. On rebuttal, the State need not recall witnesses to reiterate their testimony from the prima facie case. Kelly, 735 So.2d at 1077 (¶ 15). Along with the defendant's testimony, the State's witnesses' general denials of wrongdoing can provide a sufficient evidentiary foundation on which the trial court may rule. Abram v. State, 606 So.2d 1015, 1030 (Miss.1992). In the case sub judice, Cork's testimony was rebutted by Deputy Rhodes' testimony from the State's prima facie case. Rhodes testified that he read the waiver of rights form to Cork before he signed it, that in his opinion Cork understood his rights, that he did not threaten Cork at any time, and that he did not offer Cork any reward "in any way" to elicit the statement. These general denials of wrongdoing effectively rebutted Cork's testimony that Rhodes threatened to withhold assistance and forced Cork to sign the waiver of rights. The trial court's determination that Cork's confession was voluntary was not manifest error.

II. DID THE TRIAL COURT ERR WHEN IT REFUSED TO GRANT JURY INSTRUCTION D-1?
¶ 13. Once the trial court admitted Cork's statements to Deputy Rhodes, Cork *435 and the State offered testimony about the voluntariness of Cork's confession that was similar to that offered at the suppression hearing. Cork requested a single jury instruction:
The Court instructs the jury that before you may consider any statement which the defendant, Prentiss Cork, made to any law enforcement officer, including Choctaw County, Mississippi, Deputy Sheriff J.D. Rhodes, as evidence of the defendant's guilt of the crime for which he is being tried today, you must first believe beyond a reasonable doubt that the defendant made that statement freely and voluntarily. The State of Mississippi has the burden of proving beyond a reasonable doubt that the defendant freely and voluntarily gave his statement.
The trial court denied the instruction, stating that admissibility of the confession is a question of law that had been resolved by the court's earlier ruling that the confession was voluntary.
¶ 14. The trial court's determination of voluntariness controls the admission of a confession into evidence. Hicks v. State, 812 So.2d 179, 191 (¶ 32) (Miss.2002). Once a confession is admitted, "the jury may consider it in the light of the evidence by which it was obtained and give it such weight and credibility as they think it entitled." Anderson v. State, 241 So.2d 677, 678 (Miss.1970) (citing Brooks v. State, 178 Miss. 575, 582, 173 So. 409, 411 (1937)). Cork contends that, because his proffered instruction was not given, the jury was without guidance in determining the evidentiary weight of his confession.
¶ 15. Cork argues that the case of Hester v. State, 602 So.2d 869, 872 (Miss.1992) entitled him to the instruction. Hester held that "where a defendant's proffered instruction has an evidentiary basis, properly states the law, and is the only instruction presenting his theory of the case, refusal to grant it constitutes reversible error." Id. Cork claims the court's refusal to grant the instruction met this standard for reversible error. Cork argues the instruction had an evidentiary basis in that Cork and the State presented alternate arguments regarding voluntariness of the statement. Cork argues that the instruction properly stated the law. Finally, Cork argues that because the State's only evidence of Cork's guilt was the contested confession, the instruction was the only one presenting his theory of the case.
¶ 16. Cork's argument is without merit. Even if a defendant is entitled to a jury instruction under Hester, "the entitlement is limited in that the court may refuse an instruction that is ... covered fairly elsewhere in the instructions...." Heidel v. State, 587 So.2d 835, 842 (Miss. 1991). In Simon v. State, 688 So.2d 791, 809-10 (Miss.1997), the supreme court held that the trial court properly refused an instruction informing the jury that it was not bound to consider the defendant's confession as true based on its admission into evidence. The court found that an instruction specific to the confession was unnecessary because the jury had been generally instructed on determining the weight and credibility of the evidence. Id. The instruction that was found to be sufficient in Simon stated:
As sole judges of the facts in this case, your exclusive province is to determine what weight and credibility will be assigned the testimony and supporting evidence of each witness in the case. You are required and expected to use your good common sense and sound honest judgment in considering and weighing the testimony of each witness who has testified in the case.
Id. at 810.
¶ 17. Cork admits that a general weight and credibility instruction would *436 have sufficed under Simon, but argues that such an instruction was not given in this case. We find that the jury in the instant case was properly instructed. Jury instructions are to be read as a whole. Heidel, 587 So.2d at 842. The lower court instructed the jury to "determine the facts in this case and to consider and weigh the evidence for that purpose," that introduction of evidence is governed by rules of law, and that no inferences should be drawn from the court's evidentiary rulings. Further, the court instructed the jury that the defendant is attended by the presumption of innocence unless "overcome by evidence which satisfies the jury of the defendant's guilt beyond a reasonable doubt." The jury was sufficiently instructed on their ability to assess the weight and credibility of the evidence of Cork's confession.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED, FIVE YEARS OF SUPERVISED PROBATION, AND FINE OF FIVE HUNDRED DOLLARS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.