326 So.2d 791 (1976)
J.D. BOOKER
v.
STATE of Mississippi.
No. 48861.
Supreme Court of Mississippi.
February 17, 1976.
Rehearing Denied March 9, 1976.
*792 Leon E. Provine, Grenada, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and ROBERTSON and SUGG, JJ.
SUGG, Justice:
Defendant was indicted for murder and convicted of manslaughter in the Circuit Court of Grenada County. Of the numerous assignments of error urged only one merits discussion.
At the conclusion of the state's case, defendant moved for discovery of any evidence which the state planned to use in rebuttal. In response to the motion, the state produced a signed typewritten confession which had not been used in its case-in-chief. Following a conference with his counsel, defendant testified that he shot the decedent in self-defense. On cross-examination, the state asked defendant if he denied making a statement contained in the confession which contradicted his prior testimony concerning self-defense. Defendant first denied making the statement, but then asserted that he did not remember making the statement. Over objection, defendant identified the signature to the confession as his own.
In chambers, defense counsel objected to introduction of the confession on the grounds that defendant had not been furnished a copy of the confession prior to trial and that the state had not established that defendant had been informed of his constitutional rights prior to making the statement. The court noted that defense counsel had failed to present his pre-trial discovery motion to the court and then admitted the confession into evidence for use as a prior inconsistent statement.
The question is whether the confession of a defendant, inadmissible for the prosecution's case-in-chief, may be used to impeach the defendant's credibility when his trial testimony contradicts his prior statements.
The United States Supreme Court has held that the prosecution may use the statements of a defendant, inadmissible in the state's case-in-chief because of a defective Miranda[1] warning or procedure to impeach a defendant's testimony. In Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the Court held that the statements of a defendant obtained as the result of a defective Miranda warning were admissible for impeachment purposes where the statements contradicted the defendant's testimony. Chief Justice Burger observed:
The shield provided by Miranda can not be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. (401 U.S. at 226, 91 S.Ct. at 646, 28 L.Ed.2d at 5).
In Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) the trial court ruled inadmissible on the case-in-chief the defendant's incriminating statements spoken to a police officer after a valid Miranda warning but before the defendant's requested meeting with his attorney. The defendant then testified contrary to his previous utterances. In rebuttal, the trial court permitted the police officer to testify to the defendant's prior inconsistent *793 statements. The Oregon Supreme Court held that impeachment by the use of the inadmissible statements violated the defendant's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. The United States Supreme Court reversed, holding that the defendant's prior inconsistent statements obtained in violation of Miranda were admissible for impeachment purposes. The Court pointed out that while a state may as a matter of its own law impose greater restrictions on "police activity," these restrictions cannot be imposed as a matter of federal constitutional law. A more restrictive rule than one announced by the Supreme Court must rest upon independent state grounds. In permitting this limited use of statements obtained as the result of a defective Miranda procedure, the Court made it clear that involuntary statements and confessions are to remain inadmissible for any purpose:
If, in a given case, the officer's conduct amounts to an abuse, that case, like those involving coercion or duress, may be taken care of when it arises measured by the traditional standards for evaluating voluntariness and trustworthiness. (420 U.S. at 723, 95 S.Ct. at 1221, 43 L.Ed.2d at 578).
We have held that a defendant may not be impeached by the use of a confession unless it is first shown that the confession was freely and voluntarily given. Ladner v. State, 231 Miss. 445, 450, 95 So.2d 468 (1957). It is only the procedural requirement of first proving voluntariness that distinguishes our rule from that announced in Harris and Hass. Under either of these rules an involuntary confession remains inadmissible for any purpose whatsoever.
We hold, therefore, that if a defendant's confession is ruled inadmissible because it was given involuntarily, with or without proper Miranda warnings, the confession is not admissible for any purpose. However, if the only objection to use of the confession is that it was obtained as a result of a defective Miranda warning, the state may use the confession to impeach the defendant's trial testimony without first establishing that the confession was freely and voluntarily given. Oregon v. Hass, supra; Harris v. New York, supra. Ladner v. State, supra, is modified to the extent that it conflicts with this holding. If an objection is lodged on the ground that the confession was given involuntarily, the state must then prove voluntariness in the manner governing voluntariness of a confession sought to be used in the state's case-in-chief. See Agee v. State, 185 So.2d 671, 673 (Miss. 1966), for an outline of the procedure. If the statements are subsequently admitted, a defendant is entitled upon request to have the jury instructed that his contradictory statements may not be used as proof of guilt but may be considered only in passing upon his credibility as a witness.
In the instant case the state was properly allowed to use the confession as a prior inconsistent statement to attack defendant's credibility. Defendant neither alleged that the confession was involuntarily given nor did he request an instruction on the weight to be accorded the confession. Having found no error, the conviction is affirmed.
Affirmed.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 467-473, 86 S.Ct. 1602, 1624-1627, 16 L.Ed.2d 694 (1966).