**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 2001-KA-01235-SCT**

*THOMAS EDWARD SMITH*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 6/20/2001 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON, JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. WALKER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/20/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE PITTMAN, C.J., COBB AND DIAZ, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1.     In July 2000, Trooper Dennis Darby of the Mississippi Highway Safety Patrol stopped a car with no license plate driven by Thomas Edward Smith (Smith).  The car was also occupied by Davlyne Parker (Parker), riding in the passenger seat.  Trooper Darby noticed a thirty-two ounce bottle of beer in the floor of the car and also noticed the passenger moving around suspiciously.

¶2.     Smith and Parker allowed Trooper Darby to look around inside the car.  While looking in the car, Trooper Darby noticed a cloth covering a bulge on the passenger side seat.  Underneath the cloth, he found

a plastic bag containing a whitish rock. Trooper Darby then arrested Smith and Parker and sent the rock to the Mississippi Crime Laboratory.

¶3.     Smith was indicted by the Grand Jury of Panola County on two counts, Count I for conspiracy to possess cocaine and Count II for possession of cocaine with intent to sell. Smith was tried and convicted by a jury on both counts. The trial court sentenced Smith to serve a term of five years for Count I and fifteen years for Count II, with the sentences to run concurrently. Smith was also ordered to pay a fine of $5,000.00, a Mississippi Crime Laboratory fee of $125.00, $100.00 to the Mississippi Crime Victims' Fund and court costs.

¶4.     Smith now appeals his conviction and sentence raising the following issues:

**I.      WHETHER THE TRIAL COURT ERRED IN OVERRULING SMITH'S OBJECTION TO TESTIMONY OF PARKER AS TO SMITH'S OTHER CRIMES WITHOUT SPECIFICITY.**

**II.     WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S MOTION FOR A JNOV.**

**III.    WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S MOTION FOR A NEW TRIAL.**

**IV.     WHETHER THE TRIAL COURT ERRED IN OVERRULING OBJECTION TO OFFER EVIDENCE OF A DEAL OFFERED BY SMITH.**

**V.      WHETHER THE TRIAL COURT ERRED IN GRANTING A CONSTRUCTIVE POSSESSION OF COCAINE INSTRUCTION SUBMITTED BY THE STATE.**

**VI.     WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S REQUEST FOR A LESSER-INCLUDED OFFENSE INSTRUCTION.**

**VII.    WHETHER THE TRIAL COURT ERRED IN GIVING JURY INSTRUCTION C-13.**

**VIII. WHETHER THE TRIAL COURT ERRED IN REFUSING TO PERMIT THE JURY TO VIEW SMITH'S TRUCK.**

**IX. WHETHER SMITH'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO TAKE PHOTOGRAPHS OF SMITH'S TRUCK OR TO MOVE THE TRIAL COURT FOR THE JURY TO INSPECT IT PRIOR TO RESTING SMITH'S CASE.**

**X. WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTION C-14.**

**XI. WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S MOTION FOR A MISTRIAL CONCERNING TESTIMONY OF HIS CONVERSATIONS WITH MR. CHRESTMAN.**

## DISCUSSION

**I. WHETHER THE TRIAL COURT ERRED IN OVERRULING SMITH'S OBJECTION TO TESTIMONY OF PARKER AS TO SMITH'S OTHER CRIMES WITHOUT SPECIFICITY.**

¶5. Smith argues that the trial court erred when it allowed Parker to testify that he had known Smith for a long time, that Smith regularly dealt drugs, and that Parker knew he would sell the drugs found in the truck. Smith specifically argues that testimony about prior drug sales was not specific enough or the alleged sales were not recent enough to be admitted as evidence.

¶6. The standard of review for admission of evidence is abuse of discretion. *Farris v. State*, 764 So.2d 411, 428 (Miss. 2000). Smith made a motion in limine to exclude this evidence. The trial court found that the evidence was admissible under Mississippi case law, M.R.E. 404(b), and conducted a M.R.E. 403 balancing test. The trial court also gave the jury a limiting instruction regarding the use of this evidence of other drug sales.

3

¶7. Evidence of prior drug sales is admissible under M.R.E. 404(b) to prove intent to distribute if it passes the M.R.E. 403 balancing test and is accompanied by a limiting instruction. *Swington v. State*, 742 So.2d 1106, 1111 (Miss. 1999); *Holland v. State*, 656 So.2d 1192, 1196 (Miss. 1995).

¶8. A case may be reversed based on the admission of evidence if the admission results "in prejudice and harm" or adversely affects a substantial right of a party. *Farris,* 764 So.2d at 428; *Hanson v. State*, 592 So.2d 114, 132 (Miss. 1991).

¶9. Smith concedes that the trial court's admission of Parker's testimony is supported by the law as it stands, but urges this Court to modify the law by limiting proof of prior sales to proof that can be specifically identified and in recent time. *State ex rel. Moore v. Molpus*, 578 So.2d 624, 635 (Miss.1991), requires this Court to find that the law as it stands is pernicious, impractical, or mischievous in its effect and resulted in a detriment to the public in order to modify the law. This Court finds that Smith has produced no evidence to meet this test and affirms the trial court as to this issue.

## II. WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S MOTION FOR A JNOV.

¶10. Smith argues that the State did not present sufficient evidence to prove Smith guilty and, as a result, the trial court erred in denying Smith's motion for JNOV.

¶11. Sufficiency questions are raised in motions for directed verdict and also in JNOV motions. *McClain v. State*, 625 So.2d 774, 778 (Miss. 1993). In reviewing such motions, the trial court considers all of the credible evidence consistent with the defendant's guilt, giving the prosecution the benefit of all favorable inferences that may be reasonable drawn from this evidence. *Id*. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence

4

is such that reasonable and fair-minded jurors could not find the accused guilty. *Wetz v. State*, 503 So.2d 803, 808 (Miss. 1987).

¶12.    We must give the prosecution the benefit of all "favorable inferences that may be reasonably drawn from the evidence" when deciding if enough evidence was presented to support the guilty verdict in this case. The testimony by Parker supports this Court's conclusion that the verdict was reasonable. Parker testified that Smith came to his house and asked Parker to accompany him somewhere. They drove in Smith's truck to Murphy Ridge Road, and Smith went into a house. After Smith returned to the truck, they started back to Batesville. Parker told Smith that he saw a highway patrolman, and Smith made a left turn. The patrolman turned on his lights, and Smith gave the cocaine to Parker and told him to run with it. Instead, Parker put it under a cloth under his seat. Smith drove to the railroad tracks so that Parker could cross and not be easily followed by Trooper Darby. Parker also testified that he did not run away with the cocaine because it was not his. These facts, along with others, were all heard and weighed by the jury. In evaluating the evidence presented, it is quite reasonable to understand how a jury could come to the conclusion it did in this case, and this Court sees no reason presented that would compel the trial judge to act differently then he did. We therefore hold that the trial judge did not err in denying Smith's motion for JNOV.

### III.    WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S MOTION FOR A NEW TRIAL.

¶13.    Smith argues that the trial court erred in denying his motion for a new trial because the evidence does not support his conviction of conspiracy.

¶14.    "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will only reverse when convinced that the

5

circuit court has abused its discretion in failing to grant a new trial." ***Herring v. State***, 691 So.2d 948, 957 (Miss. 1997).  A new trial is not granted unless allowing the conviction to stand would sanction an unconscionable injustice. ***May v. State***, 460 So.2d 778, 781 (Miss. 1984).

¶15.    We conclude that the facts discussed in the previous issue also reflect that the trial court did not err in denying Smith's motion for new trial.  There is no evidence that the circuit court abused its discretion when it did not grant a new trial.  While there are cases where the facts presented in no way support the outcome and justice demands a new trial, this is clearly not one of them.  The verdict was not against the overwhelming weight of the evidence, and this Court affirms the trial court as to this issue also.

### IV.    WHETHER THE TRIAL COURT ERRED IN OVERRULING OBJECTION TO OFFER EVIDENCE OF A DEAL OFFERED BY SMITH.

¶16.    Smith argues that the trial court erred in admitting evidence during the State's rebuttal that Smith gave names of people who sell drugs to Jason Chrestman, Commander of the Panola and Tate Counties Narcotics Task Force, in a possible attempt to cut a deal under M.R.E. 408.

¶17.    The standard of review of an admission or exclusion of evidence is abuse of discretion. ***Stallworth v. State***, 797 So.2d 905, 908 (Miss. 2001).  M.R.E. 408 (Compromise and offers to compromise) provides that

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay,
> or proving an effort to obstruct a criminal investigation or prosecution.

6

M.R.E. 408 has a more ready application to civil cases. *Armstead v. State*, 805 So.2d 592, 597 (Miss. 2002).

¶18.    At trial, Smith denied that he gave the cocaine to Parker and denied that he knew anything about cocaine.  Smith also testified that he told Commander Chrestman he did not know anything about drugs and did not give Chrestman the names of drug dealers.  In rebuttal and for impeachment purposes, Chrestman testified that Smith gave him the names of four people who sell drugs in the area.  The trial court did not allow the State to introduce Chrestman's report.

¶19.    Rule 408 does not exclude evidence offered for purposes other than proving the validity of a liability of a claim or its amount.  Chrestman's testimony regarding his talks with Smith was admitted to rebut Smith's assertion that he knew nothing about drugs.  Had the testimony been offered as evidence of Smith's guilt then it would not have been admissible.  But this is not the case here.  Smith made claims on the stand that the prosecution believed were false and presented this evidence to discredit him.  Therefore, this Court affirms the trial court in its decision to admit Chrestman's rebuttal testimony.

> **V.    WHETHER THE TRIAL COURT ERRED IN GRANTING A CONSTRUCTIVE POSSESSION OF COCAINE INSTRUCTION SUBMITTED BY THE STATE.**

¶20.    Jury Instruction S#4 states the following:

> In order to find the Defendant guilty of possession of cocaine as charged, there must be sufficient facts to warrant a finding by the jury that the Defendant was aware of the presence and character of the substance and was intentionally and consciously in possession of the substance.  It need not be actual physical possession.  Constructive possession may be shown by establishing that the substance was subject to the Defendant's dominion or control.

¶21.    A presumption of constructive possession arises against the owner of premises upon which contraband is found. *Hamm v. State*, 735 So.2d 1025, 1029 (Miss. 1999); *Hamburg v. State*, 248

7

So.2d 430, 432 (Miss. 1971). The State had to prove that Smith was aware of the cocaine and intentionally, but not necessarily physically, possessed it. Constructive possession may be shown by establishing dominion or control. *Curry v. State*, 249 So.2d 414, 416 (Miss. 1971). "The owner of a vehicle is presumed to be in constructive possession."

*Wall v. State*, 718 So.2d 1107, 1111 (Miss.1998).

¶22. Smith argues that a constructive possession instruction was improper because, if anything, Parker's testimony would lead the jury to believe Smith was in actual possession of the cocaine. *Hicks v. State*, 580 So.2d 1302, 1306 (Miss. 1991). This argument is without merit. Smith is in essence asking that the court not instruct the jury about the law. The law states that actual possession is not needed, that constructive possession will do. A jury's job is to weigh the evidence presented to it. If the facts warrant it, the jury has the right to reach the conclusion that Smith was in actual possession. Smith has no legitimate complaint that a jury instruction not be given simply because the jury might come to a conclusion that is unfavorable to him.

¶23. Under *Hamburg*, a presumption arises that the owner of the premises (in this case a truck owned and driven by Smith) is in possession of its contents. Smith owned the truck, and the cocaine was found inside the truck. This amounts to constructive possession. This Court finds that there was no error by the trial court in granting the constructive possession instruction.

## VI. WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S REQUEST FOR A LESSER-INCLUDED OFFENSE INSTRUCTION.

¶24. Smith asserts that the trial court erred in denying his request for a lesser-included offense instruction for simple possession.

8

¶25.    Jury instructions should be given only if they are applicable to the facts developed in the case being tried. *Lancaster v. State*, 472 So.2d 363, 365 (Miss. 1985). Granting an instruction not supported by the evidence is error. *Mitchell v. State*, 792 So.2d 192, 218 (Miss. 2001). Defendants are entitled to instructions which support their theory of the case. *Murphy v. State*, 566 So.2d 1201, 1206 (Miss. 1990). The court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence. *Ellis v. State*, 790 So.2d 813, 815 (Miss. 2001).

¶26.    Smith's theory of the case was that he had no knowledge that cocaine was in his truck. These facts do not support a simple possession charge because Smith is claiming that he knew nothing of the drugs, not that he only possessed them with no intent to sell. Therefore, a simple possession instruction had no foundation in the evidence presented and did not support his theory of the case. While a defendant is entitled to as many jury instructions as justice and a fair trial warrant, a jury should not be presented with options which have no factual basis and in which would only confuse the jury. This Court affirms the trial court as to this issue.

### VII.    WHETHER THE TRIAL COURT ERRED IN GIVING JURY INSTRUCTION C-13.

¶27.    The trial court drafted a cautionary jury instruction on the testimony of Parker concerning Smith's prior cocaine sales. The instruction instructed the jury that the evidence could not be considered as substantive evidence on the issue of whether Smith was guilty of the charges for which he was being tried. Smith objected to the word "substantive" as confusing.

¶28. Smith argues that an instruction that confuses the jury should not be given. ***Collins v. State***, 691 So.2d 918, 925 (Miss. 1997). If the instructions are read as a whole, and the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. ***Id.*** at 922.

¶29. Smith does not explain in his brief how he was prejudiced by the use of the word "substantive" and does not explain how this word would confuse the jury. In light of the facts of this case, we see no reasonable possibility that this word choice, in this particular instruction, could have brought about any confusion or misunderstanding on the part of the jury. Therefore, this Court affirms the trial court as to this issue.

## VIII. WHETHER THE TRIAL COURT ERRED IN REFUSING TO PERMIT THE JURY TO VIEW SMITH'S TRUCK.

¶30. Miss. Code Ann. § 13-5-91 (Rev. 2002) provides in part that

> When, in the opinion of the court, on the trial of any cause, civil or criminal, it is proper, in order to reach the ends of justice, for the court and jury to have a view or inspection of the property which is the subject of litigation, or the place at which the offense is charged to have been committed, or the place or places at which any material fact occurred, or of any material object or thing in any way connected with the evidence in the case, ***the court may, at its discretion***, enter an order providing for such view or inspection as is herein below directed. After such order is entered, the whole organized court, consisting of the judge, jury, clerk, sheriff, and the necessary number of deputy sheriffs, shall proceed, in a body, to such place or places, property, object or thing to be so viewed or inspected, which shall be pointed out and explained to the court and jury by the witnesses in the case, who may, at the discretion of the court, be questioned by the court and by the representative of each side at the time and place of such view or inspection, in reference to any material fact brought out by such view or inspection.

¶31. It is within the discretion of the trial court to permit the jury to view the scene of the crime. ***Tolbert v. State***, 511 So.2d 1368, 1378 (Miss. 1987). This Court will reverse a trial court's decision not to permit the jury to view the scene of the crime if there is a clear abuse of discretion. ***Green v. State***, 614 So.2d 926, 936 (Miss. 1992).

¶32. Smith argues that the jury needed to see the truck in order to determine whether Smith could see the patrol officer coming with his lights on because Smith asserts that his truck does not have mirrors. Although the court did not allow the jury to view the truck, Smith could have offered, in his testimony, all of the facts about the truck. The trial judge is allowed, by law, to determine at his discretion whether the jury needs to view a particular crime scene, or in this case a vehicle, in order to reach the ends of justice. He decided against this and did so correctly.

¶33. We find Smith's argument does not show that the trial court abused its discretion. Therefore, this Court affirms the trial court's decision not to permit the jury to view Smith's truck.

## IX. WHETHER SMITH'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO TAKE PHOTOGRAPHS OF SMITH'S TRUCK OR TO MOVE THE TRIAL COURT FOR THE JURY TO INSPECT IT PRIOR TO RESTING SMITH'S CASE.

¶34. Smith claims that he was denied effective assistance of counsel because his attorney did not take photographs of his truck to show that there were no rearview mirrors, proving that Parker lied when he testified that there were mirrors and that he could not see Trooper Darby behind him.

> The standard for determining if a defendant received effective assistance of counsel is well settled. "The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must demonstrate that his counsel's performance was deficient and that the deficiency prejudiced the defense of the case. *Id*. at 687, 104 S.Ct. 2052. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Stringer v. State*, 454 So.2d 468, 477 (Miss.1984) (citing *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052). The focus of the inquiry must be whether counsel's assistance was reasonable considering all the circumstances. *Id*.
> Judicial scrutiny of counsel's performance must be highly deferential. (citation omitted) ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of

the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 477 (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Defense counsel is presumed competent. *Washington v. State*, 620 So.2d 966 (Miss.1993)

*Burns v. State*, 813 So.2d 668, 673 (Miss. 2002).

¶35. As mentioned in the previous issue, Smith could just have easily testified about the mirrors on the truck to try and prove that Parker lied during his testimony. Pictures are not required and do not assure a different outcome. Given the weight of the other facts presented, it would be far reaching to assume that the outcome of this case would have been dirrerent if defense counsel had presented pictures of the truck. As the State correctly argues, Smith has not shown that the outcome of his trial would have been different had his attorney taken pictures of his truck; and therefore, this did not prejudice Smith's case. This issue is without merit.

## X.  WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTION C-14.

¶36. The trial court also drafted an instruction instructing the jury that the evidence of Smith's knowledge of who dealt drugs in his area was to be used only for impeachment purposes and the evaluation of Smith's testimony, and that the jury could not use the evidence to determine Smith's guilt in the charges at hand.

¶37. "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." *Coleman v. State*, 697 So.2d 777, 782 (Miss. 1997) (quoting *Collins*, 691 So.2d at 922).

¶38. Smith incorporates his argument from Issue VII. This cautionary instruction was presented to the jury for the benefit of Smith. It is to keep the jury from considering facts it should not be considering when

12

trying to decide whether Smith is guilty of the crimes he is charged with. The instructions are in no way misleading, confusing, or prejudicial. Smith has not shown that the instruction is an incorrect statement of the law or unsupported by the evidence, and this Court affirms the trial court's granting of the jury instruction.

**XI.  WHETHER THE TRIAL COURT ERRED IN DENYING SMITH'S MOTION FOR A MISTRIAL CONCERNING TESTIMONY OF HIS CONVERSATIONS WITH MR. CHRESTMAN.**

¶39.    At trial, Smith objected to Commander Chrestman's testimony that Smith told Chrestman he could buy certain drugs from certain individuals. Smith now argues that the testimony should not have been admitted because Smith made those statements to Chrestman before he was read his *Miranda* rights.

¶40.    It is well settled that otherwise voluntary statements, even when taken in violation of a defendant's Fifth or Sixth Amendment rights, may be used to impeach the defendant if he elects to take the witness stand. *Bogard v. State*, 624 So.2d 1313, 1319 (Miss. 1993). The State may use statements made in violation of *Miranda* to impeach the defendant's trial testimony without first establishing that the statement or confession was freely and voluntarily given. *Id*. (citing *Booker v. State*, 326 So.2d 791, 793 (Miss. 1976).

¶41.    Applying this case law, it would not matter if the statements used against Smith were made voluntarily before he was read his *Miranda* rights or if they were statements made after he should have been read his *Miranda* rights. The evidence at hand was presented for nothing more than to impeach the statements made by Smith at trial. Smith testified that he knew nothing about drugs. The trial court properly admitted evidence that Smith did know about drugs to impeach Smith's testimony. This Court affirms the trial court as to this issue.

**CONCLUSION**

13

¶42.    Smith has raised many alleged of errors before this Court.  He tries to find fault with the court system and the way the trial was conducted; he even attacks his own trial counsel, claiming he was inadequately represented.  This Court finds that the trial court has committed no reversible error in the case and that counsel for the defendant represented his client adequately.  We conclude that none of the issues presented merit a reversal of this case and therefore affirm the trial court's judgment.

¶43.    **COUNT I:  CONVICTION OF CONSPIRACY TO POSSESS COCAINE AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TOGETHER WITH PAYMENT OF A FINE IN THE AMOUNT OF $5,000.00 AND COURT COSTS, AFFIRMED.**

**COUNT II: CONVICTION OF POSSESSION OF COCAINE WITH THE INTENT TO SELL OR DISTRIBUTE AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TOGETHER WITH  PAYMENT OF A FINE IN THE AMOUNT OF $5,000.00, ALL FEES AND COURT COSTS, AFFIRMED.    SENTENCE IN COUNT II SHALL RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY AND GRAVES, JJ., CONCUR.  McRAE, P.J., CONCURS IN RESULT ONLY.  CARLSON, J., NOT PARTICIPATING.**