SOUTHWICK, J.,
for the Court.
¶ 1. Stephon Hudderson was convicted in the Pearl River County Circuit Court for sale of cocaine. On appeal, he argues that his conviction should be reversed because he was not granted a needed contin *223 uance, and because the verdict was contrary to the great weight of the evidence. He further argues that his sentence is constitutionally defective. We find no infirmity in his conviction or sentence and consequently affirm.
¶ 2. On September 24, 2004, Stephon Hudderson was standing outside of a convenience store in Picayune, Mississippi. There, he was approached by an undercover police officer and a confidential informant seeking to purchase narcotics. The officer and informant returned later in the day to make the purchase. Hudderson entered the vehicle which the officer and informant occupied and instructed the officer to drive down the street. The sale of cocaine took place while the men were riding together. Hudderson was arrested and indicted for sale of a controlled substance. Miss.Gode Ann. § 41-29-139(a) (Supp.2005). The indictment was later amended to charge Hudderson as a habitual offender. After a jury trial, Hudderson was convicted and sentenced to sixty years imprisonment without possibility of parole.
DISCUSSION

1. Continuance of Trial

¶ 3. The identity and last known residence of the confidential informant were disclosed to Hudderson well before the trial. Hudderson attempted to have the informant and the police chief subpoenaed as witnesses. The State also attempted to serve the confidential informant with a subpoena. On the day before his scheduled trial, Hudderson was notified that the informant had not been located and that the police chief was out of town at a conference. The trial judge gave Hud-derson the option of a continuance for his trial from July 2005 until October 2005 if he wanted to make further attempts to locate the confidential informant and have the police chief available for the trial. Hudderson declined the continuance and said he wanted to go to trial on the following day without the informant or police chief present.
¶ 4. The next day, Hudderson revealed to the court that he had changed his mind and requested a continuance so that he could attempt to locate the informant. The continuance was denied because Hud-derson had refused the continuance the judge offered the previous day.
¶ 5. Hudderson argues that the trial court erred by refusing to grant a continuance due to the unavailability of the confidential informant. Hudderson claims that he was prevented from making a defense that he would have made because two witnesses were not at trial. Hudderson does not articulate the defense that he forfeited due to the absent witnesses.
¶ 6. Hudderson relies on caselaw that requires that a criminal defendant be afforded the opportunity to locate a witness such as a confidential informant. Turner v. State, 501 So.2d 350, 352 (Miss.1987). A trial court has discretion when resolving a motion for continuance. Miss. Code Ann. § 99-15-29 (Supp.2005). Reversal requires that the denial of a continuance have resulted in manifest injustice. Smiley v. State, 815 So.2d 1140, 1143-44 (Miss.2002). Before there will be manifest injustice in the denial of a continuance, an accused must have suffered unfair surprise or prejudice. Blanton v. State, 727 So.2d 748, 751 (Miss.Ct.App.1998).
¶ 7. Here, the prosecution disclosed the identity and last known residence of the informant well before the scheduled trial. The trial court gave Hudderson the opportunity to accept a continuance, but he was satisfied to go to trial without the informant or police chief present. There was no abuse of the trial court’s discretion *224 when it denied the continuance on the day of trial.

2. Illegal Sentence

¶ 8. Hudderson argues that due to his age of forty-three at the time of his conviction, only a jury could impose a sentence of sixty years imprisonment without parole. Hudderson relies on a precedent holding that “imposition of a life sentence is within the sole province of the jury and, absent a jury recommendation of like imprisonment, the trial judge must sentence the defendant to a definite term reasonably expected to be less than life.’ Friday v. State, 462 So.2d 336, 339 (Miss.1985). However, the Supreme Court has distinguished sentences issued in drug cases from sentences for crimes that require a judge to impose a sentence “reasonably expected to be less than life” in the absence of a jury recommending a life sentence. Cannon v. State, 919 So.2d 913, 917 (Miss.2005). Hudderson was indicted and sentenced as a subsequent offender under Mississippi Code Section 41-29-147 and as a habitual offender under Section 99-19-81 for the crime of sale of a controlled substance. Under Cannon, Hudderson’s argument is without merit.
¶ 9. Hudderson also argues that he is entitled to the benefit of proportionality analysis regarding his sentence. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The Solem analysis is applied only in rare cases where “a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.” Ewing v. California, 538 U.S. 11, 30, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment)). Sentences that do not exceed statutory limitations will generally be upheld. Tate v. State, 912 So.2d 919, 933 (Miss.2005). Hudderson received the maximum sentence allowed for sale of a controlled substance as a subsequent and habitual offender. The analysis for proportionality is not required for the sentence Hudder-son received.

S. Weight and Sufficiency of the Evidence

¶ 10. Hudderson argues that the evidence was not sufficient to support his guilt because of the gross errors committed by law enforcement. These errors include not documenting the pre-transaction search of the informant and vehicle for narcotics. Counsel for Hudderson moved the court to “dismiss or direct a verdict” claiming that the State failed to put on evidence from which any reasonable juror could find guilt. Hudderson also filed a motion for judgment notwithstanding the verdict,, or in the alternative, for a new trial.
¶ 11. The denial of a motion for directed verdict or judgment notwithstanding the verdict challenges the sufficiency of the evidence. This Court must consider all of the evidence in the light most favorable to the State. Shaw v. State, 915 So.2d 442, 448 (Miss.2005); Bush v. State, 895 So.2d 836, 843 (Miss.2005). The objective of this review is to determine whether a jury could not have found an accused guilty even with all the reasonable inferences that could have been derived from the evidence. Shaw, 915 So.2d at 448-49.
¶ 12. A challenge to the weight of the evidence by a motion for a new trial triggers a review where the evidence is viewed in a light most favorable to the verdict. Bush, 895 So.2d at 844. An appellate court sits as a limited thirteenth juror and will only disturb the verdict if *225 allowing it to stand would “sanction an unconscionable injustice.” Id.
¶ 13. The prosecution charged that Hudderson wilfully and feloniously and distribute cocaine for money. The evidence presented against Hudderson at trial included direct evidence by way of an audio-visual recording and testimony that Hudderson received money and handed the undercover officer cocaine in exchange for that money. Viewing the evidence in a light most favorable to the State, we affirm the judgment.
¶ 14. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE-COCAINE AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.