MAXWELL, J.,
for the Court:
¶ 1. Marty Parisi was convicted of methamphetamine possession. On appeal, he challenges three of the trial judge’s eviden-tiary rulings as well as the judge’s imposition of a sixty-year enhanced sentence without first conducting a Solem hearing.[1] We find Parisi’s second statement to investigators, in which he admitted that he possessed methamphetamine, was properly admitted in rebuttal for the limited purpose of impeaching his prior inconsistent statement and testimony. We also find the trial judge correctly excluded specific evidence about Parisi’s drug-related reputation, and that Parisi cannot challenge his arrest on Fourth Amendment grounds, after failing to raise the issue at trial. We also reject his proportionality argument, because his enhanced sentence falls within the statutory guidelines. For these reasons, we find no reversible error and affirm his conviction and sentence.
Background
¶ 2. While investigating another crime, two Scott County sheriffs deputies came across Marty Parisi’s white pickup truck, parked in front of the suspect’s house. A second man, who had been leaning in the window of the truck, threw something under the truck as he walked away. Suspicious, the officers detained the men and asked Parisi if they could search his truck. Parisi consented but told them that, if they found anything, it was not his.
¶ 3. The officers found a briefcase underneath the floor mat containing over 100 grams of methamphetamine, as well as 2.4 grams of marijuana in the console. Parisi denied the briefcase belonged to him. He told the officers he had ducked when he was told they were approaching his truck. And while crouching down, he felt a box hit his leg — insinuating someone had thrown the briefcase into the truck while he was not looking.
¶ 4. After a jury trial in which he testified, Parisi was convicted of possession of more than thirty grams of methamphetamine, a Schedule II controlled substance, and possession of less than thirty grams of marijuana, a Schedule I controlled substance. Parisi appeals his conviction and sixty-year enhanced sentence based on his status as a prior drug offender and habitual (nonviolent) offender.
Discussion
I. Admissibility of Parisi’s Confession

A. State’s Impeachment of Parisi’s Testimony

¶ 5. In his initial recorded statement to investigators, Parisi claimed the metham- *1064 phetaraine found on the truck’s floorboard was not his. This statement was introduced at trial during Parisi’s testimony. The State sought to impeach Parisi with a second statement he had made weeks later, during negotiations with investigators about becoming an informant. One of the conditions was that Parisi admit where he got the drugs. Though Parisi did not become an informant, he told the two officers where he had obtained the methamphetamine.
¶ 6. When the State tried to question Parisi about this second, conflicting statement, Parisi’s counsel objected. His attorney argued the State was trying to “back door in” a statement it could not have introduced in its case-in-chief. He also suggested there might be an issue “whether [Parisi] was Mirandized.” The trial court sustained the objection, allowing the statement to be introduced for impeachment purposes only.
¶7. After Parisi rested, the State offered rebuttal testimony from both officers who were present during Parisi’s second statement. Parisi’s counsel lodged “the same objections we had before” — that the State could not introduce the confession as impeachment evidence becaúse it was inadmissible in the State’s case-in-chief. When the objection was overruled, counsel moved for a mistrial, which was denied.

B. Parisi’s Argument on Appeal

¶ 8. On appeal, Parisi alters his argument about why the confession was inadmissible. He now claims the trial court improperly admitted the confession without first determining whether it was voluntary and admissible in a hearing outside the jury’s presence.
¶ 9. Parisi relies on the following language from Agee v. State, 185 So.2d 671, 673 (Miss.1966): “When [an] objection is made to the introduction of the confession, the accused is entitled to a preliminary hearing on the question of the admissibility of the confession. This hearing is conducted in the absence of the jury.” Parisi claims that because he objected to the admissibility of the confession, he was entitled to a suppression hearing before the confession could be introduced.
¶ 10. But simply objecting to a confession is not enough to trigger the right to a preliminary hearing. Since Agee, the Mississippi Supreme Court has clarified that, for a defendant to be entitled to a preliminary hearing, he must assert the confession is inadmissible because it was involuntary. Booker v. State, 326 So.2d 791, 793 (Miss.1976). Agee was handed down just months before the United States Supreme Court’s decision Miranda v. Arizona, 384 U.S. 436, 467-73, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in which the Court instituted “superstructure safeguards” to the voluntariness of a confession, commonly referred to as “Miranda warnings.” Powell v. State, 483 So.2d 363, 368 (Miss.1986). A confession obtained through a defective Miranda warning or procedure is inadmissible in the State’s case-in-chief. Booker, 326 So.2d at 792. But failure to advise of Miranda warnings does not automatically render a confession involuntary.
¶ 11. Both the United States Supreme Court and the Mississippi Supreme Court have recognized a category of confessions that are in fact voluntary but nonetheless obtained through defective Miranda warnings or procedure. E.g., Harris v. New York, 401 U.S. 222, 224, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); Sipp v. State, 936 So.2d 326, 331 (¶ 8) (Miss.2006); Booker, 326 So.2d at 792-93. While such a confession cannot be used in the State’s case-in-chief, it may be introduced for impeachment purposes. Booker, 326 So.2d at *1065 792 (quoting Harris, 401 U.S. at 226, 91 S.Ct. 643).[2] And “if the only objection to use of the confession is that it was obtained as a result of a defective Miranda warning, the [S]tate may use the confession to impeach the defendant’s trial testimony without first establishing that the confession was freely and voluntarily given.” Booker, 326 So.2d at 793(citing Oregon v. Hass, 420 U.S. 714, 721-23, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); Harris, 401 U.S. at 226, 91 S.Ct. 643) (emphasis added).
¶ 12. In contrast, a confession that is in fact involuntary cannot be admitted for any purpose. Cabello v. State, 490 So.2d 852, 856 (Miss.1986). So if the State seeks to introduce a confession for impeachment purposes, and “[i]f an objection is lodged on the ground that the confession was given involuntarily,” then a preliminary hearing under Agee must be held before admitting the confession. Booker, 326 So.2d at 793 (citing Agee, 185 So.2d at 673) (emphasis added); see Gavin v. State, 473 So.2d 952, 954 (Miss.1985) (citing Jackson v. Denno, 378 U.S. 368, 377, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)) (“[W]here a criminal defendant challenges the voluntariness of a confession, he has a due process right to a reliable determination that the confession was in fact voluntarily given.”).
¶ 13. Here, Parisi did not object claiming his confession was in fact involuntary. Instead, Parisi’s objection was that he may not have been “Mirandized,” so his confession should not be admitted for impeachment purposes. While the State apparently conceded the second statement was not admissible during its case-in-chief due to a procedural defect, Parisi never challenged the confession’s voluntariness. Thus, we cannot find the trial court erred by allowing the State limited use of Parisi’s confession for impeachment purposes, without first conducting an evidentiary hearing.
II. Admissibility of Parisi’s Good-Character Evidence
¶ 14. As part of his defense, Parisi called his long-time friend Scott Bagley as a character witness. When Parisi’s counsel asked Bagley if he had recently seen Parisi use or possess drugs, the State objected, and the trial court sustained the objection. On appeal, Parisi argues he had a right to put on evidence of his good character. And he contends that the trial court violated this right by prohibiting him from offering evidence “for his character and reputation for engaging in actions directly related to the charges against [him].”
¶ 15. Parisi is correct that a criminal defendant may, “as a matter of right, ... introduce evidence of his or her own good character.” Foster v. State, 794 So.2d 301, 303 (¶ 8) (Miss.Ct.App.2001) (citing Rosser v. State, 230 Miss. 573, 577, 93 So.2d 470, 471 (1957)). But “[p]roof of a character trait ... may not be made by proof of specific past actions. The defendant is limited to offering testimony as to general reputation.” Id. (citing Kearney v. State, 68 Miss. 233, 237-38, 8 So. 292, 293 (1890)); see also Winters v. State, 449 So.2d 766, 770 (Miss.1984) (finding trial court properly excluded character evidence *1066 where the defendant “sought to prove her reputation with respect to the commission of specific crimes”).
¶ 16. Parisi argues the proffered character evidence should have been admitted because it relates, not to his general reputation, but instead to his specific reputation with respect to the charged crime. Because only general-reputation evidence is admissible at trial, the trial court properly excluded the testimony about Parisi’s specific drug-related reputation.
III. Admissibility of Physical Evidence Seized
¶ 17. At trial, the State introduced the methamphetamine from the briefcase found under the floor mat beneath Parisi’s feet and the marijuana found in the console. Parisi neither objected at trial nor moved prior to trial to suppress this evidence. On appeal, Parisi claims the drugs were inadmissible “fruits of the poisonous tree” because they were seized as a result of an illegal arrest.
¶ 18. The Fourth Amendment prohibits unlawful searches and seizures. U.S. Const, amend. IV; see also Miss. Const. art. 3, § 23. And the fruit-of-the-poisonous-tree doctrine is an exclusionary rule that makes evidence obtained in violation of the Fourth Amendment inadmissible. Trejo v. State, 76 So.3d 702, 705-06 (¶ 7) (Miss.Ct.App.2010) (citations omitted). Parisi claims for the first time on appeal that his arrest was an unlawful seizure, so the drugs found incident to his arrest were inadmissible.
¶ 19. But Parisi did not raise this claim in the trial court, so it is barred from review by this court. Failure to raise an issue at trial bars consideration on an appellate level. Walker v. State, 913 So.2d 198, 224 (¶ 86) (Miss.2005) (citations omitted). This “rule that failure to object constitutes waiver applies to Fourth Amendment claims as well.” Id. (citing Stevens v. State, 458 So.2d 726, 730 (Miss.1984)). In Walker, while the defendant moved to suppress the physical evidence at a suppression hearing, he did not raise a Fourth Amendment claim. Consequently, the Mississippi Supreme Court held his fruit-of-the-poisonous-tree claim was procedurally barred from appellate review. Id. at 225 (¶¶ 88-89). Similarly, in Clark v. State, 40 So.3d 531, 540 (¶ 20) (Miss.2010), the supreme court held that objecting to the admission of evidence because it was obtained in violation of the defendant’s Fifth Amendment rights was insufficient to preserve a claim that the evidence was obtained in violation of the defendant’s Fourth Amendment rights. “Because [the defendant] did not raise her Fourth[ ]Amendment claims before the trial court,” the supreme court found these arguments were barred from appellate consideration. Id. (citing Ross v. State, 954 So.2d 968, 987 (¶ 27) (Miss.2007)). Applying Walker and Clark, Parisi’s fruit-of-the-poisonous-tree argument is procedurally barred because he failed to make any objection at trial concerning the admission of the drugs — let alone an objection asserting a Fourth Amendment violation.
IV. Proportionality of Sixty-Year Sentence
¶ 20. Finally, Parisi argues the trial court erred by not conducting a hearing on whether his sixty-year enhanced sentence was proportional to his crime and not violative of the Eight Amendment’s prohibition of cruel and unusual punishment. See U.S. Const, amend VIII.
¶ 21. In Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court set forth three criteria for Eighth Amendment disproportionality analysis:
*1067 (i) the gravity of the offense and the harshness of the penalty;
(ii) the sentences imposed on other criminals in the same jurisdiction; and
(iii) the sentences imposed for commission of the same crime in other jurisdictions.
But in Harmelin v. Michigan, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the Supreme Court overruled Solem’s holding that the Eighth Amendment guaranteed proportionality. “In light of Harmelin,” our supreme court has held that “Solem is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’ ” Nichols v. State, 826 So.2d 1288, 1290 (¶ 12) (Miss.2002) (quoting Hoops v. State, 681 So.2d 521, 538 (Miss.1996)).
¶ 22. This court has repeatedly held that a sixty-year enhanced drug-related sentence, within the statutory sentencing guidelines, does not lead to an inference of gross disproportionality. Thus, no Solem analysis is required. E.g., Wells v. State, 57 So.3d 40, 51-52 (¶¶ 44-47) (Miss.Ct.App.2011); Houser v. State, 29 So.3d 813, 823-25 (¶¶ 25-32) (Miss.Ct.App.2009); Hudderson v. State, 941 So.2d 221, 224 (¶ 9) (Miss.Ct.App.2006).
¶ 23. Parisi’s sentence is within the statutory guidelines. Parisi was convicted of possessing more than thirty grams of methamphetamine, a Schedule II controlled substance,[3] in violation of Mississippi Code Annotated section 41-29-139(c)(1)(E) (Supp.2012). Violating section 41-29-139(c)(l)(E) carries a penalty of imprisonment up to thirty years. Parisi was also found to be a habitual (nonviolent) offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) and a second drug-related offender under Mississippi Code Annotated section 41-29-147 (Rev. 2009). Section 99-19-81 required the trial court to impose the maximum sentence, thirty years. And section 41-29-147 permitted the trial court to impose “up to twice” that amount. So the sixty-year sentence fell with the Legislature’s prescribed guidelines. See Tate v. State, 912 So.2d 919, 933 (¶ 51) (Miss.2005) (finding sixty-year drug-related sentence calculated by applying sections 41-29-147 and 99-19-81 was proper).
¶ 24. Consequently, the sentence raises no inference of gross disproportionality. See id. at 934 (¶ 53) (finding sixty-year drug-related sentence, “[tjhough certainly harsh,” was “not ‘grossly disproportionate’ to [the] crime”). And no Solem analysis was required by the trial court. See, e.g., Wells, 57 So.3d at 52 (¶ 47) (“finding] that a proportionality analysis [was] not required” for a sixty-year enhanced sentenced imposed under Mississippi Code Annotated sections 41-29-139(b) (Supp. 2012), 99-19-81, and 41-29-147).
¶ 25. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, POSSESSION OF MORE THAN THIRTY GRAMS OF METHAMPHETAMINE, A SCHEDULE II CONTROLLED SUBSTANCE, AND COUNT II, POSSESSION OF LESS THAN THIRTY GRAMS OF MARIJUANA, A SCHEDULE I CONTROLLED SUBSTANCE, AND SENTENCE AS A SECOND DRUG OFFENDER AND HABITUAL OFFENDER OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, *1068 WITH SUCH SENTENCE NOT TO BE REDUCED OR SUSPENDED AND WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.

. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

. In Harris, the United States Supreme Court held that "[t]he shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.” Harris, 401 U.S. at 226, 91 S.Ct. 643. If a defendant has "voluntarily taken the stand,” he is "under an obligation to speak truthfully and accurately,” and the State is permitted to "utilize the traditional truth-testing devices of the adversary process.” Id. at 225, 91 S.Ct. 643.

. Schedule II controlled substances are listed in Mississippi Code Annotated section 41-29-115 (Supp.2012).