**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2013-KA-01856-COA**

**KENDALL WILLIAMS**                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/2013 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS JR. |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: HUNTER NOLAN AIKENS |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: STEPHANIE BRELAND WOOD |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF AN UNAUTHORIZED DEVICE IN A CORRECTIONAL FACILITY AND SENTENCED TO THREE YEARS, WITH TWO YEARS SUSPENDED AND ONE YEAR UNDER ISP/HOUSE ARREST, TO RUN CONSECUTIVELY TO ANY AND ALL PREVIOUS SENTENCES, ALL UNDER THE SUPERVISION AND CONTROL OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | REVERSED AND REMANDED: 04/14/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Kendall Williams appeals his conviction of possession of an unauthorized device in

a correctional facility under Mississippi Code Annotated sections 47-5-193 and 47-5-195.

Williams argues the trial court erred when it failed to conduct a hearing on the voluntariness of his written confession before admitting the statement into evidence. Finding the trial court erred, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

¶2. From June to August 2012, Williams was incarcerated in the Quitman County Jail on a child-support lock-up order. On August 7, 2012, Darryl Linzy, an officer with the Quitman County Sheriff's Department, went to Williams's cell when he smelled smoke and discovered that Williams and his cellmate possessed cigarettes and a lighter.

¶3. Officer Linzy confiscated the cigarettes and lighter. Officer Linzy then asked Williams and his cellmate if they had any other contraband in the cell. One or both of the men declared that a cell phone was on the bottom bunk. Officer Linzy found a black and grey cell phone on the bottom bunk. He questioned Williams about the phone.

¶4. Officer Linzy testified that he informed Williams of his *Miranda*[1] rights and obtained a valid waiver of his rights before he questioned Williams. During the interrogation, Williams gave Officer Linzy the cell-phone number of the phone found in the cell. Williams eventually gave an oral confession and claimed that he owned the phone. Officer Linzy reduced the confession to writing.

¶5. At trial, Officers Linzy and Willie Smith testified that an initial search of Williams on June 20, 2012, when he first entered the jail, revealed the same phone Officer Linzy found in the cell. Officer Smith testified that he took the phone from Williams and gave it to

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 471 (1966) (mandating that the custodian read the accused his or her right to remain silent and right to counsel prior to an interrogation).

Williams's sister. Officers Linzy and Smith also testified that Williams left the jail on at least two separate occasions during his lock-up between June 20 and August 7.

¶6.     During Officer Linzy's testimony, the State moved to introduce Williams's written statement into evidence. Williams objected and argued the defense did not receive a prior opportunity to cross-examine Officer Linzy, and the State failed to prove he advised Williams of his rights prior to the confession.

¶7.     After a discussion with the attorneys, the trial court ultimately overruled Williams's objections and allowed the admission of both the waiver and the written statement. The jury returned a guilty verdict. The trial court entered the final judgment, and Williams filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the motion. Williams now appeals.

## STANDARD OF REVIEW

¶8.     Williams argues the trial court erred when it admitted his written confession into evidence without conducting a hearing regarding the voluntariness of the statement. "Determining whether a confession is admissible is a finding of fact which is not disturbed unless the trial judge applied an incorrect legal standard, committed manifest error, or the decision was contrary to the overwhelming weight of the evidence." *Thorson v. State*, 895 So. 2d 85, 115 (¶73) (Miss. 2004) (citations omitted).

## ANALYSIS

¶9.     Williams contends the trial court erred in failing to hold a hearing on the voluntariness of his confession. At trial, Williams objected to the admission of the statement into evidence

3

without the opportunity to cross-examine Officer Linzy. The State argued the confession was admissible as a statement against interest. The State further countered that any question of voluntariness was a decision for the court, not the jury, and the defense should have raised the issue prior to trial.

¶10. "This Court has held that 'when a criminal defendant objects to the admission of his confession, arguing it was involuntary, the trial court must conduct a hearing outside the presence of the jury. At the hearing, the burden is on the State to prove voluntariness beyond a reasonable doubt.'" *Kleckner v. State*, 109 So. 3d 1072, 1081 (¶18) (Miss. Ct. App. 2012) (quoting *Pinkston v. State*, 50 So. 3d 1027, 1029 (¶8) (Miss. Ct. App. 2010)).

¶11. However, "simply objecting to a confession is not enough to trigger the right to a preliminary hearing. Since *Agee*, the Mississippi Supreme Court has clarified that, for a defendant to be entitled to a preliminary hearing, he must assert the confession is inadmissible because it was involuntary." *Parisi v. State*, 119 So. 3d 1061, 1064 (¶10) (Miss. Ct. App. 2012) (citing *Booker v. State*, 326 So. 2d 791, 793 (Miss. 1976); *Agee v. State*, 185 So. 2d 671, 673 (Miss. 1966) (mandating trial courts hold a hearing outside of the presence of the jury when a defendant objects to the voluntariness of his confession)).

¶12. The issue here challenges the voluntariness of Williams's statement to Officer Linzy. This Court, however, cannot address this issue on appeal unless Williams specifically objected to the admission of the statement on the ground of involuntariness. The record indicates that when the State attempted to introduce Williams's written statement into evidence, Williams objected to its admission. As the basis for his objection, Williams's

4

counsel stated:

> Your Honor, yes, there is an objection. Your Honor, he has testified that he advised him of his rights, but I haven't had a chance to cross-examine him. So, therefore, I'm going to object to the admission of it prior to me having an opportunity to cross-examine him and show some proof that he did advise him of his rights.

¶13. Though Williams undoubtedly made an objection to the statement's admission, the objection did not unequivocally raise the issue of voluntariness, which would mandate the *Agee* hearing requirement. Williams challenged whether Officer Linzy properly and fully advised Williams of his *Miranda* rights. On its face, this objection does not seem to assert a challenge to the voluntariness of the statement. The Mississippi Supreme Court, however, has held that whether a defendant received the *Miranda* warnings prior to an inculpatory statement only constitutes the first prong of the analysis for the admission of a confession:

> The mere giving of the *Miranda* warnings, no matter how meticulous, no matter how often repeated, does not render admissible any inculpatory statement thereafter given by the accused. The giving of the warnings is only the first step. To render the statement admissible the State must take the second step and prove that the rights of which the accused has been *Miranda*-warned were thereafter waived—intelligently, knowingly and voluntarily.

*Jones v. State*, 461 So. 2d 686, 696 (Miss. 1984) (citing *Neal v. State*, 451 So. 2d 743, 753 (Miss. 1984)).

¶14. Even if Williams's objection ambiguously raised the issue of voluntariness, the State, in one of its counter-arguments to the objection, considered the issue of voluntariness. The State asserted that the trial court could not consider the issue of voluntariness at trial because the defense should have raised the issue in a pretrial motion to suppress. However,

voluntariness may be raised for the first time at trial. *Cox v. State*, 586 So. 2d 761, 763 (Miss. 1991) (trial court held hearing after objection at trial on matter of voluntariness, and court heard voluntariness challenge on appeal).

¶15. Therefore, the voluntariness issue appeared before the trial court, which compelled the trial court to hold a hearing without the jury present. During this hearing, for admission of the confession in its case-in-chief, "[t]he State must [have] prove[n] beyond a reasonable doubt all facts prerequisite to the admissibility of [the] confession." *Armstead v. State*, 978 So. 2d 642, 645-46 (¶11) (Miss. 2008) (citing *McCarty v. State*, 554 So. 2d 909, 911 (Miss. 1989)).

¶16. In order to find a statement admissible, "[t]he trial judge must determine beyond a reasonable doubt that a confession was voluntary and knowing and that the defendant was given his *Miranda* rights prior to any custodial interrogation." *Scott v. State*, 8 So. 3d 855, 861 (¶23) (Miss. 2008) (citing *Armstead*, 978 So. 2d at 646 (¶11)). In reaching this decision, the trial court must apply the proper legal standard for evaluating the voluntariness of a confession. The proper legal analysis requires the trial court to consider "the defendant's experience and familiarity with the criminal justice system, intellectual capacity, educational background, degree of literacy, emotional state and any mental disease or other defect." *Brown v. State*, 839 So. 2d 597, 600 (¶10) (Miss. Ct. App. 2003) (citing *Holland v. State*, 587 So. 2d 848, 860 (Miss. 1991)). While the trial court permitted the State to elicit testimony from the officer who advised Williams of his *Miranda* rights and recorded his confession, the trial court neither held a hearing nor applied the correct legal standard in determining the

statement's admissibility.

¶17.     By not holding a hearing, the trial court precluded Williams from putting on evidence to refute Officer Linzy's testimony. When a trial court admits a confession without affording the defendant an opportunity to question the admissibility of the confession through the hearing process, the trial court, in essence, compels the defendant to take the stand at trial to rebut the validity of the confession in contradiction to the defendant's right not to testify at trial. This scenario undermines the purpose for the *Agee* rule.

¶18.     The supreme court has held that the objective of an *Agee* hearing is to protect defendants from the prejudicial effects of admitting an involuntary statement into evidence. *Wells v. State*, 698 So. 2d 497, 508-09 (Miss. 1997). The *Wells* court further clarified that the admission of a confession into evidence without holding a hearing prejudices the defendant only if the court later finds the statement involuntary. *Id.* Therefore, to prevent the possibility of prejudice, the prudent approach dictates that a trial court should conduct a hearing in compliance with *Agee*. *Id.*

¶19.     In this case, however, the trial court admitted the confession into evidence without ruling on the voluntariness of the statement at any point. Because the issue of voluntariness arose at trial and no hearing on the voluntariness occurred, the trial court abused its discretion when it failed to evaluate the admission of Williams's confession under the proper legal standards. For this reason, we reverse and remand this case for a new trial.

¶20.     **THE JUDGMENT OF THE QUITMAN COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.**

7

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.**